**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| WILFREDO ZAMORA, | | |
| Plaintiff, | | |
| v. | | Civil Action No. 11-CV-00831 AW |
| WASHINGTON HOME SERVICES, LLC | | |
| Defendant. | | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Wilfredo Zamora brings this action against Defendant Washington Home Services, LLC. Zamora asserts a claim for recovery of unpaid wages under the Fair Labor Standards Act, along with pendent state law claims for violation of the Maryland Wage and Hour Law and the Maryland Wage Payment and Collection Law. Presently pending before the Court is Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. The Court has reviewed the entire record, as well as the pleadings and exhibits, and finds that no hearing is necessary. For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court takes the following facts from Plaintiff Wilfredo Zamora's Complaint and construes them in a light favorable to Zamora. "Plaintiff was employed by Defendant from approximately March 2009 through August 2010." Doc. 1 ¶ 5. "Plaintiff worked for Defendant as a full time employee." *Id.* "Plaintiff's job duties were as an installation technician." *Id.* Plaintiff installed "appliances for Defendant's customers throughout Maryland and the surrounding states." *Id.* "Plaintiff regularly worked between seventy (70) and eighty (80) hours

1

per week." *Id.* ¶ 6. Plaintiff further alleges that Defendant did not pay him (and all others similarly situated) overtime wages in the amount of one-and-one-half (1½) times his regular rate of pay for hours worked each week in excess of forty (40)." *Id.* ¶ 7.

On March 30, 2011, Plaintiff (Zamora) filed a Complaint against Defendant (Washington Home). Doc. 1. Washington Home filed a Motion to Dismiss on April 4, 2011. Doc. 7. Therein, Washington Home urges this Court to dismiss the Complaint on the ground that Zamora has failed to state a claim upon which relief may be granted. Alternatively, Washington Home moves the Court for summary judgment.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County*

*Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III.     LEGAL ANALYSIS

### A.     Preliminary Issues

Before assessing the merits of Washington Home's Motion to Dismiss, the Court disposes of two preliminary issues. First, the Court notes that Washington Home moves this Court in the alternative for summary judgment. Although the Court expresses no opinion on the matter, the Court has reviewed the record and is not completely convinced that the existing record evidence entitles Washington Home to summary judgment. Furthermore, due to the fact-intensive nature of the question whether Zamora is an employee within the meaning of FLSA, the Court is not convinced that it would be proper to treat Washington Home's Motion to Dismiss as one for summary judgment at this early stage in the litigation.

Second, as the subsequent analysis shows, Zamora has failed to state a facially plausible claim for relief under FLSA. This failure necessitates the Court to grant Washington Home's Motion to Dismiss. As a consequence of dismissing Zamora's FLSA claim, the Court lacks subject matter jurisdiction over Zamora's remaining pendent state law claims. Accordingly, the Court declines to review the remaining state law claims under the MWHL and the MWPCL. This ruling does not prejudice the right of Zamora to file an Amended Complaint that includes claims under FLSA, MWHL, and the MWPCL.

### B.     Law and Argument

FLSA provides minimum and overtime pay scales for individuals who qualify as an employee under the statute. In pertinent part, the FLSA provision on overtime wages provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) (2010). The threshold question in any case asserting a claim for overtime pay under FLSA is whether an individual is an employee within the meaning of the statute. *See Schultz v. Capital Int'l Sec.*, 466 F.3d 298, 304–05 (4th Cir. 2006).

In making this determination, "a court considers the 'economic realities' of the relationship between the worker and the putative employer." *Id.* (citing *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 570 (10th Cir. 1994)). "The focal point is whether the worker 'is economically dependent on the business to which he renders service or is, as a matter of economic [reality], in business for himself.'" *Id.* (quoting *Henderson*, 41 F.3d at 570) (alteration in original). Consistent with this focus, the Fourth Circuit has adopted a six-factor test to determine whether an individual is an employee under FLSA. *Id.* "The factors are (1) the degree of control that the putative employer has over the manner in which the work is performed; (2) the worker's opportunities for profit or loss dependent on his managerial skill; (3) the worker's investment in equipment or material, or his employment of other workers; (4) the degree of skill required for the work; (5) the permanence of the working relationship; and (6) the degree to which the services rendered are an integral part of the putative employer's business." *Id.* (citations omitted).

In this case, Zamora has failed to state a cognizable claim that he is an employee for the purposes of FLSA. The allegation that "Plaintiff worked for Defendant as a full time employee"

is a legal conclusion. The allegation that Washington Home did not pay Zamora (and others similarly situated) overtime wages is also a legal conclusion. Therefore, the only allegations to support Zamora's FLSA claim are that (1) Zamora worked as an installation technician installing appliances for Washington Home's customers for one-and-a-half years; and (2) Zamora regularly worked between seventy and eighty hours per week.

As for factor (1) of the economic realities test, these two threadbare allegations have no tendency to show that Washington Home controlled Zamora's work. As for factor (2), they are equally consistent with the inference that Zamora was an independent contractor and that his opportunities for profit or loss depended on his managerial skill. As for factor (3), Zamora does not allege that Washington Home provided him with equipment or material. As for factor (4), the allegation that someone is an appliance installation technician equally supports the inference that the work required the skill of an independent contractor. *See Chao v. Mid-Atl. Installation Servs., Inc.*, 16 Fed. App'x. 104, 107–08 (affirming district court decision holding that cable installers were independent contractors, not employees under FLSA). As for factor (5), a one-and-a-half year work relationship may have some tendency to support the inference that Zamora was Washington Home's employee. As for factor (6), however, Zamora simply alleges that he installed appliances for Washington Home's customers. At best, this allegation supports the inference that Washington Home sells appliances as a part of its business. Yet Zamora offers no further allegations indicating that this is an integral component of Washington Home's business.

In sum, Zamora's allegations are equally consistent with the conclusion that he worked for Washington Home as an independent contractor. Under *Twombly* and *Iqbal*, the mere possibility that the plaintiff has a meritorious claim is insufficient to state a cognizable claim. *Iqbal*, 129 S. Ct. at 1949 ("Where a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (citation and internal quotation marks omitted). Rather, the plaintiff must state a claim to relief that is plausible on its face. Zamora has failed in this regard. Therefore, the Court dismisses his FLSA claim.

The Court acknowledges that Zamora has submitted an affidavit containing factual contentions that increase the likelihood that he was an employee within the meaning of FLSA. But the bulk of these allegations are found nowhere in the Complaint. Nevertheless, the Court allows Zamora to amend his deficient Complaint and clarify the factual bases on which he brings his FLSA claim. The Court orders Zamora to submit any Amended Complaint he should choose to file **within fourteen days** of the date of this Order.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

An Order consistent with this Memorandum Opinion will follow.

| December 15, 2011 | /s/ |
| --- | --- |
| Date | Alexander Williams, Jr. |
| | United States District Judge |